IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY PROTECTION AND ADVOCACY, | ) ) ) ) |
| Plaintiff, | ) ) Civil No. : 04-cv-5914 (RBK-AMD) |
| v. | ) Honorable Robert B. Kugler ) |
| TOWNSHIP OF RIVERSIDE | ) ) |
| and | ) ) |
| COUNTY OF BURLINGTON, | ) ) |
| Defendants. | ) ) |

## UNITED STATES' MOTION
## FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE

The United States of America respectfully moves this Court for leave to participate in this case as amicus curiae on the issues raised by Plaintiff's Motion for Partial Summary Judgment relating to title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12131-61 ("ADA").

New Jersey Protection and Advocacy brought suit against Riverside Township in Burlington County, New Jersey, alleging that Riverside Township and Burlington County violated title II of the Americans with Disabilities Act of

1990, 42 U.S.C. §§12131-61 ("ADA"), and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 by failing to install curb ramps in sidewalks that have not been constructed or altered since the effective date of title II of the ADA ("existing sidewalks"). The parties have stipulated that many of the public sidewalks in Riverside Township that were constructed or last altered prior to January 26, 1992, do not have curb ramps and Riverside Township does not have a transition plan. Riverside Township argues that a public entity that employees fewer than fifty people is not required to install curb ramps in existing sidewalks.

The United States urges the Court to grant this Motion for Leave to Participate as Amicus Curiae. The United States has important regulatory and enforcement responsibilities under title II and rulings in this case may affect these responsibilities. Moreover, the government believes that its views will be of assistance to the Court and the parties in addressing the issues in this litigation.

### I.    The Department of Justice has significant enforcement responsibilities under the ADA.

The Plaintiff's Motion for Partial Summary Judgment raises questions about the proper interpretation of the title II implementing regulation. The United States has significant responsibilities for implementing and enforcing title II. 42 U.S.C. §§ 12132-34. Pursuant to congressional directive, the Department promulgated an

implementing regulation and a Technical Assistance Manual. 42 U.S.C. § 12134; 28 C.F.R. pt. 35 (2005); The Americans with Disabilities Act Title II Technical Assistance Manual (1993). Case law developed in private suits brought pursuant to the ADA, such as the instant action, will interpret the same statutory and regulatory provisions upon which the government relies in its own enforcement efforts. An express purpose of the ADA is "to ensure that the Federal Government plays a central role in enforcing the standards established in [the Act] on behalf of individuals with disabilities." 42 U.S.C. § 12101(b)(3). Accordingly, the government has a strong interest in ensuring that the case law developed in this suit is consistent with the government's interpretation of the statutes and regulations.

II.     **The Department of Justice's expertise may assist the court.**

Permitting persons or governmental entities to appear as friends of the court through the filing of amicus briefs "can contribute to [a] court's understanding" of the issues involved in a particular suit. Harris v. Pernsley, 820 F.2d 592, 603 (3d Cir. 1987). The United States routinely files amicus curiae briefs in both trial and appellate courts in cases raising questions regarding the reach of the ADA. *See, e.g.,* Barden v. Sacramento, 537 U.S. 1231 (2003); Bragdon v. Abbott, 524 U.S. 624 (1998); Rogers v. Department of Health and Environmental Control, 174

3

F.3d 431 (4th Cir. 1999); Innovative Health Sys., Inc. v. City of White Plains, 117 F.3d 37 (2d Cir. 1997); Galloway v. Superior Court, 816 F. Supp. 12 (D.D.C. 1993).

The United States District Court for the District of New Jersey has been receptive to the filing of amicus briefs by the United States on issues involving the interpretation of the ADA and other civil rights statutes. See, e.g., Bowers v. NCAA, 9 F.Supp. 2d 460 (D.N.J. 1998), Medical Society of New Jersey v. Jacobs, 1993 WL 413016 (D.N.J. 1993).

In addition, the Department's interpretation of its own regulations is entitled to substantial deference. Thomas Jefferson University v. Shalala, 512 U.S. 504, 512 (1994); see also Olmstead v. L.C., 527 U.S. 581, 598 (1991) ("the well-reasoned views of the agencies implementing a statute 'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance'" (citing Bragdon v. Abbott, 524 U.S. 624, 642 (1998)). Moreover, the Supreme Court has found it appropriate to defer to an administrative interpretation "in the form of a legal brief." Auer v. Robbins, 519 U.S. 452, 462 (1997) (Secretary of Labor's interpretation of a test in its regulation was controlling, not a "post hoc rationalization," and represented the agency's "fair and considered judgment"). Thus the Department of Justice's longstanding interpretation of the title II regulation, as expressed in the attached amicus brief, is

entitled to deference. The Department of Justice is uniquely well-suited to assist the Court in properly applying the Department's own title II regulation.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests this Court to grant the United States' Motion for Leave to Participate as Amicus Curiae.

Dated:   Washington, D.C.
         December 28, 2005

                Respectfully submitted,

                Wan J. Kim
                Assistant Attorney General
                Civil Rights Division

                By: /s/ Jennifer E. Lakin
                JOHN L. WODATCH, Chief
                L. IRENE BOWEN, Deputy Chief
                PHILIP L. BREEN, Special Legal Counsel
                JENNIFER E. LAKIN, Attorney
                Disability Rights Section
                Civil Rights Division
                U.S. Department of Justice
                950 Pennsylvania Ave., NW - NYA
                Washington, D.C.  20530
                (202) 305-2011